**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4130**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DANIEL W. WIRSING, a/k/a Ace, a/k/a Big Dog,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:07-cr-00049-JPB-DJJ-1)

———————

Submitted:  April 27, 2009         Decided:  May 21, 2009

———————

Before MICHAEL, MOTZ, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kevin D. Mills, MILLS & WAGNER, PLLC, Martinsburg, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Wirsing pled guilty, pursuant to a written plea agreement, to two counts of a fifteen-count indictment: felon in possession of a firearm, 18 U.S.C. § 922(g) (2006) (Count Ten), and possession with intent to distribute 16 grams of crack cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2006) (Count Fourteen). Based on a total offense level of 31 and a criminal history category VI, the advisory guidelines range was 188-235 months imprisonment. After rejecting Wirsing's arguments that his criminal history status overstated the seriousness of his actual criminal history and that his sentencing range was significantly above that of his co-defendant's sentence, the court sentenced Wirsing to 188 months imprisonment. Wirsing noted a timely appeal.

We review a sentence, whether inside or outside of the guidelines range, for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 596 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). First, we must "ensure that the district court committed no significant procedural error," such as improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, relying on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 128 S. Ct. at 597. If the district court committed no procedural

2

error, then we consider the substantive reasonableness of the sentence imposed, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  Id.

Applying these standards, we find that Wirsing's sentence is reasonable.  First, the district court committed no procedural errors.  Although Wirsing argues that the district court failed to consider all of his non-frivolous arguments, the district court is not required to "robotically tick through § 3553(a)'s every subsection."  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  Additionally, "when a judge decides simply to apply the Guidelines . . . doing so will not necessarily require lengthy explanation."  Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2468 (2007).  Here, the court stated that it had considered all the factors set forth in § 3553(a) and noted that Wirsing had two prior drug felonies, a felony theft conviction, and a firearm in vehicle conviction.  The court also noted that Wirsing's present offense was committed within two years after his release from custody on a prior felony.  Further, the court found that Wirsing was not a crack addict, but rather was in the business of selling crack, as evidenced by his lack of employment since 2002.  The court also found, in response to Wirsing's challenge to the crack to powder cocaine disparity even after the guidelines were amended,

3

that there was a rational basis for the disparity and that Wirsing had already been given the benefit of the recent amendments to the sentencing guidelines applicable to crack cocaine offenses. The court also rejected Wirsing's argument that his first felony drug conviction should not be considered a conviction for purposes of the career offender enhancement, finding that Wirsing's criminal history category was VI, regardless of whether or not the career offender enhancement was applied.

With respect to the substantive reasonableness of Wirsing's sentence, on appeal, we presume that a sentence imposed within the properly calculated guidelines range is reasonable. Rita, 127 S. Ct. at 2462-69; United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). Applying the presumption of reasonableness to Wirsing's within-guidelines sentence, we find no abuse of discretion by the district court's decision to impose a 188-month sentence. Therefore, the sentence is reasonable.

Finally, Wirsing argues that the application of the career offender enhancement violates the holding of Apprendi v. New Jersey, 530 U.S. 466 (2005), because the district court relied on facts not found by a jury. We have explicitly rejected this argument. See United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005).

Accordingly, we affirm Wirsing's sentence. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>